**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4014**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES THURMAN DAUGHTIE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:04-cr-00006-F-1)

Submitted:  September 30, 2015      Decided:  October 2, 2015

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thurman Daughtie appeals the 60-month sentence imposed following the revocation of his supervised release term. Daughtie argues that this sentence is plainly substantively unreasonable because it was ordered to run consecutively to a previously imposed state sentence of life plus 60 months. We affirm.

A district court "has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original sentence. Id. at 438. A sentence is substantively reasonable if the district court states "a proper basis" for concluding that the defendant should receive the sentence imposed. Id. at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether the sentence is "plainly" so. Id. at 439.

Daughtie does not challenge the procedural reasonableness of his sentence. Rather, his sole argument on appeal is that

2

the sentence is substantively unreasonable because the district court imposed the sentence to run consecutively to his state sentence rather than concurrently. The policy statement set forth in USSG § 7B1.3(f) specifically states that:

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.

Thus, in imposing a consecutive sentence, the district court simply deferred to this policy statement; such deference, while not required, was more than proper. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) ("Though a district court must consider the Chapter Seven policy statements and other statutory provisions applicable to revocation sentences, the court has broad discretion to impose a particular sentence."); see also United States v. Moulden, 478 F.3d 652, 656-57 (4th Cir. 2007) (recognizing that Chapter 7 policy statements are "'helpful assistance,'" but that the court has "broad discretion" in sentencing the defendant up to the statutory maximum).

Accordingly, we find that Daughtie's sentence was not substantively unreasonable and we therefore affirm. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED